87 F.3d 1325
 78 A.F.T.R.2d 96-5238
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee
v.
Robert H. TEAGLE, Defendant-Appellant.
 No. 95-50439.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 4, 1996.*
Decided June 19, 1996.
 
 1
 Before: BRUNETTI and RYMER, Circuit Judges; TANNER,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Robert H. Teagle appeals his jury conviction for filing a false personal income tax return for the tax year 1986 in violation of Title 26 U.S.C. § 7206(1) and for aiding or assisting in the filing of a false corporate income tax return for the fiscal year ending July 31, 1987 in violation of Title 26 U.S.C. § 7206(2). We have jurisdiction over this timely appeal and affirm.
 
 DISCUSSION
 
 4
 Teagle argues that the evidence as to falsity and willfulness as to both counts of the indictment was insufficient to sustain his convictions. There is sufficient evidence to support a conviction if, "viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also United States v. Vgeri, 51 F.3d 876, 879 (9th Cir.1995). Because Teagle properly made a motion for acquittal after the close of all the evidence which was denied by the district court, our review of the sufficiency of the evidence is de novo. United States v. Riggins, 40 F.3d 1055, 1057 (9th Cir.1994).
 
 1. Falsity
 
 5
 On both counts of the indictment, the government has to prove that information on the returns was false.
 
 
 6
 Teagle argues that the information on both his personal income tax form and on his corporation income tax form was not false. Introduced into evidence were two separate certificates of Limited Partnership for Londelius Adobe Industrial Partnership. One certificate was introduced by the government through their witness Willard A. Parris, the general partner of the Londelius Partnership. This certificate listed "Robert H. Teagle" as the limited partner. The signature page was obliterated by a notary certificate, which listed Robert H. Teagle as a signatory to the certificate. The second certificate was introduced through the defendant Teagle. It listed "R.H. Teagle Corp." as the limited partner and was signed "Robert H. Teagle, RHT Corp." From this evidence, Teagle argues that R.H. Teagle Corporation was the limited partner in Londelius as a matter of law and, therefore, that the capital gains was attributable not to Teagle personally, but to the corporation. Because, Teagle argues, the capital gain was correctly reported on the corporation's return and not on his personal return, he did not falsify any information and was wrongly convicted.
 
 
 7
 We disagree. A rational jury could have found that the omission of the capital gain on Teagle's personal return and the inclusion of it on the corporation's return equated to the filing of returns with false information in violation of the charges in Count I and Count II.
 
 
 8
 In addition to the evidence of the two certificates of limited partnership, the jury was presented with evidence that the general partner, Parris, sent the partnership disbursements to Teagle individually, that the partnership taxes listed Teagle not the corporation as the partner, and that the purchase and sale agreement lists Teagle not the corporation as the seller. Moreover, on a personal financial statement he submitted in connection with a loan application, Teagle listed proceeds of the partnership sale as personal assets. Furthermore, there was considerable testimony from Teagle's former CPA, Hammer, and current bookkeeper, Smith, that Teagle "gifted" the Londelius partnership interest to the corporation after the actual sale by Teagle to his partners. A rational jury could have determined that the evidence proved that Teagle personally was the limited partner based upon the testimony of the government's witnesses Parris, Hammer and Smith and disbelieved Teagle's own testimony and evidence. United States v. Nielsen, 1 F.3d 855, 862 (9th Cir.1993) (jury entitled to disbelieve defendant's testimony and to accept testimony of defendant's employee and other corroborating witnesses).
 
 2. Willfulness
 
 9
 In order to convict on both counts of the indictment, the government had to prove that Teagle acted willfully. He argues that the evidence was insufficient to convict him based upon the lack of evidence that he acted willfully.
 
 
 10
 We disagree. There was testimony that once informed by his then CPA, Hammer, that he would owe a large tax based upon the sale of the Londelius Partnership, he began to search to find a way to avoid the tax. Hammer testified that he informed Teagle that he should have gifted the partnership interest to the corporation prior to the sale. Teagle declined to file the personal tax form prepared by Hammer, which reflected the capital gain from the partnership sale. Instead, he opted to switch to a different tax preparer, Smith. Smith testified that Teagle told him to contact Hammer to see how to change the personal return and that Smith also changed the corporate return after discussing it with Hammer.
 
 
 11
 "Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction." United States v. Jackson, 72 F.3d 1370, 1381 (9th Cir.1995), cert. denied, 1996 WL 122491 (April 22, 1996) (No. 95-1476). A rational jury could have inferred that Teagle instructed Smith to contact Hammer because Teagle knew that he had discussed with Hammer the changes to be made to the returns and that Hammer would so inform Smith of the changes that Teagle wanted made. Thus, a rational jury could have found that Teagle did not have a good faith belief that he was acting lawfully, rather that he acted willfully to file or cause to be filed tax returns that he knew to be fraudulent.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for disposition without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3