**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ladonna M. RIGGINS, Defendant–**
**Appellant.**

**No. 94–10065.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1994.

Decided Nov. 25, 1994.

Alexander Silvert and Melissa A. Day, Asst. Federal Public Defenders, Honolulu, HI, for defendant-appellant.

Edward H. Kubo, Jr., Asst. U.S. Atty., Honolulu, HI, for plaintiff-appellee.

Before: BROWNING, TROTT and KLEINFELD, Circuit Judges.

TROTT, Circuit Judge:

A jury convicted Ladonna Riggins ("Riggins") of assault with a dangerous weapon and misdemeanor assault by striking, in violation of 18 U.S.C. § 113(c) and (d). Riggins was sentenced to 24 months of incarceration after the district court adjusted her base offense level and departed downward five levels.

Riggins appeals her conviction under 18 U.S.C. § 113(c) on the ground that the belt and shoe used cannot be dangerous weapons under the facts of this case. She appeals her sentence on the ground that because the district court erroneously believed it lacked the discretion to do so, it failed to depart downward further than it did.

We reject Riggins's arguments and affirm her conviction and sentence.

# I

## Facts

On January 8, 1993, Riggins beat her two-year-old son Paul Norris ("Paul") with a belt and shoe. She then removed Paul from her home at Pearl Harbor Naval Base, and called base security, reporting that her husband had beaten Paul. (The day after the beating, Riggins called the police and confessed that it was she who had beaten Paul.)

Paul was taken to Makalapa Naval Medical Clinic for a medical examination. The medical examination revealed welts and bruising over his entire body, including a bruise on his face. Paul was admitted to the Tripler Army Medical Center to determine whether there were any further injuries beyond the welts and bruises. After a five-day hospital stay, it was determined that Paul was suffering from no further physical injuries, and he was placed in a foster home.

Riggins was indicted on March 24, 1993. Count One of the indictment accused Riggins of assaulting Paul with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(c); Count Two accused her of striking and beating Paul, in violation of 18 U.S.C. § 113(d).

A jury convicted Riggins of both counts. The district court held sentencing hearings on January 24 and 25, 1994. The district court adjusted her base offense level from 23 to 21, finding that Paul had not suffered serious bodily injury for purposes of the Sentencing Guidelines. Riggins moved for a downward departure on numerous grounds. The district court advised her attorney to "focus on extraordinary family circumstances" in arguing the motion. The court concluded that a downward departure was appropriate in light of Riggins's extraordinary family circumstances. The court departed downward to the level recommended by the government, sentencing Riggins to 24 months.

# II

## Dangerous Weapon

Prior to trial, Riggins moved to dismiss Count One of the indictment on the ground

that a belt and shoe could not be dangerous weapons. The district court denied the motion, finding that the belt and shoe were used in a manner that had the potential to inflict serious bodily harm, and therefore a jury could properly find that they were dangerous weapons for purposes of 18 U.S.C. § 113(c). Riggins renewed her motion after the close of the government's evidence, as a Rule 29 motion for a judgment of acquittal. *See* Fed. R.Crim.P. 29. She appeals the denials of her motion to dismiss and her Rule 29 motion. She also claims that the evidence was insufficient to sustain her conviction.

We review de novo the trial court's denial of Riggins's pretrial motion to dismiss based on its interpretation of 18 U.S.C. § 113(c). *United States v. Blinder,* 10 F.3d 1468, 1471 (9th Cir.1993). We also review de novo the denial of her Rule 29 motion for acquittal, but the test to be applied is the same as for a challenge to the sufficiency of the evidence. *United States v. Lessard,* 17 F.3d 303, 304 (9th Cir.1994). In deciding whether there was sufficient evidence to convict Riggins, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *United States v. Lennick,* 18 F.3d 814, 818 (9th Cir.1994), *cert. denied,* — U.S. —, 115 S.Ct. 162, 3 L.Ed.2d — (1994). We reject Riggins's challenge to her conviction under both of these standards of review.

Riggins argued in her motions, and argues here, first that belts and shoes are not inherently dangerous. Furthermore, Riggins argues that the belt and shoe involved here were incapable of inflicting serious bodily harm, because although she was beating Paul as hard as she could—the extent of the beating could not have been greater—Paul only suffered welts and bruises, nothing more. The government argues that the belt and shoe were dangerous weapons because of the manner in which they were used. The government is correct.

First, as a matter of law, a belt and a shoe can be dangerous weapons:

The determination whether an object constitutes a "dangerous weapon" turns not on the object's latent capability alone, but also on the manner in which the object was used. Objects that are not dangerous weapons *per se* are deemed to be "dangerous weapons" within the meaning of 18 U.S.C. § 113(c) when used in a manner likely to endanger life or inflict great bodily harm. Thus, the term "dangerous weapon" is not restricted to such obviously dangerous weapons as guns, knives, and the like, but can include virtually any object given appropriate circumstances.

*United States v. Guilbert,* 692 F.2d 1340, 1343 (11th Cir.1982) (citations omitted), *cert. denied,* 460 U.S. 1016, 103 S.Ct. 1260, 75 L.Ed.2d 487 (1983). Accordingly, Count One of the indictment, alleging that Riggins assaulted Paul with a dangerous weapon, was valid.

In addition, what constitutes a dangerous weapon in a particular case is a question of fact for the jury. *See United States v. Moore,* 846 F.2d 1163, 1166 (8th Cir.1988). The evidence here was sufficient for the jury to conclude that the belt and shoe in question, as used against a two-year-old, were dangerous weapons.

The testimony of Riggins's husband and the expert testimony provided the jury with sufficient evidence to find that the belt and shoe were dangerous weapons in the manner in which they were used. Reginald Riggins testified that he saw Riggins hit Paul with a belt and a shoe, and that when he shielded Paul from her, he felt the sting of the belt himself. The doctors who treated Paul testified that the injuries resulting from the beating were serious bodily injuries. Dr. Donald Person even testified that had the beating continued, Paul could have suffered severe or permanent damage or even death.

Because as a matter of law a shoe and belt can be dangerous weapons, and because in this case the evidence was sufficient to sustain the verdict, we reject Riggins's challenge to her conviction.

### III

#### *Downward Departure*

Riggins essentially challenges the extent of the downward departure she was granted.

She argues first that because the district court did not entertain argument on all the reasons proffered by her for the district court to depart downward, it must not have considered those grounds.

■ Just because the district court did not entertain a particular argument does not necessarily mean it did not consider all of the grounds presented to it in Riggins's motion for downward departure. Nothing in the record indicates that the district court believed it lacked discretion to depart for the reasons offered by Riggins beyond the reason of her extraordinary family circumstance. Furthermore, nothing in the record indicates that the district court did not consider the additional reasons for departing downward contained in Riggins's written submissions pursuant to her motion for downward departure.

Riggins also argues that the district court must have believed it lacked the discretion to depart downward below the range recommended by the government because the district court did not depart below that range. Riggins attempts to characterize her appeal of the extent of the downward departure as an appeal of the district court's alleged erroneous belief that it lacked discretion to depart downward.

■ The district court did depart downward, but not to the extent she would have liked. Riggins's challenge is without merit, because a defendant may not challenge on appeal the extent of a downward departure from sentencing guidelines. *United States v. Vizcarra–Angulo,* 904 F.2d 22 (9th Cir.1990). We conclude that we lack the jurisdiction to entertain her appeal of the extent of the downward departure awarded her by the district court.

AFFIRMED.