56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alan B. RICHARDSON, Defendant-Appellant.
 No. 94-10077.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 12, 1995.*
Decided May 16, 1995.
 
 Before: GOODWIN, POOLE, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alan B. Richardson appeals his 54-month sentence, following the district court's order granting the Government's Fed. R. Crim. P. 35(b) motion for a sentence reduction. Richardson pled guilty to conspiracy to possess and utter counterfeit securities and bank fraud in violation of 18 U.S.C. Secs. 371, 1344. Richardson contends that the Government breached its cooperation agreement with him by failing to move for the Rule 35(b) motion based upon all the assistance he provided to the authorities. We affirm.
 
 
 3
 Here, following Richardson's entry of a guilty plea, the district court originally imposed a 63-month sentence, which was at the low end of the applicable Guidelines range. In return for Richardson's substantial assistance in an investigation leading to the indictment of an individual named Ray Ellis, the Government made a Rule 35(b) motion for a nine-month sentence reduction. Richardson, however, argued for a 30-month reduction based upon additional information regarding other individuals which he provided to authorities. The Government countered that the additional information did not constitute substantial assistance because it did not lead to prosecutable cases. After allowing the parties to make additional arguments, the court stated:
 
 
 4
 Now, I do not think that I am necessarily limited to considering only the Ellis matter; however, after having reviewed the motions and the declarations and the record that was filed, I think that the government's recommendation of nine months is entirely appropriate.
 
 
 5
 The district court then granted the nine-month reduction and imposed a 54-month sentence.
 
 
 6
 Richardson confuses the issue by arguing that the Government breached the cooperation agreement by failing to make a Rule 35(b) motion based upon information he provided outside the Ellis investigation. The issue, however, is not whether the Government failed to make such a motion: The Government made the motion for a downward departure, and the court departed. Therefore, Richardson's argument is essentially reduced to his dissatisfaction with the extent of the court's downward departure. We lack the authority to entertain his appeal challenging the extent of a downward departure from the Guidelines. See United States v. Riggins, 40 F.3d 1055, 1058 (9th Cir. 1994) ("[A] defendant may not challenge on appeal the extent of a downward departure from [the] sentencing guidelines.").
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a); 9th Cir. R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3