79 F.3d 1155
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alan B. RICHARDSON a/k/a Ollie, a/k/a Champagne, a/k/a
William Bridges, a/k/a Ronald Small, a/k/a Buddy,
a/k/a Brian Richards, Defendant-Appellant.
 No. 95-10046.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 8, 1995.
Decided March 11, 1996.
 
 Before: BROWNING, CANBY, and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant-Appellant Alan B. Richardson appeals his conviction for failure to surrender for service of a federal sentence pursuant to a court order, in violation of 18 U.S.C. § 3146(a)(2). During Richardson's one-day trial, Richardson argued that he had not been ordered to surrender for service; on that ground he moved for a judgment of acquittal pursuant to Fed.R.Crim.P. 29. The district court denied the motion. In addition, the district court excluded evidence of "uncontrollable circumstances," 18 U.S.C. § 3146(c), which Richardson claims provided an affirmative defense to his failure to surrender for service. Richardson appeals the district court's denial of the Rule 29 motion and the exclusion of evidence of "uncontrollable circumstances." We affirm.
 
 BACKGROUND
 
 3
 The conviction from which the controversy stems was entered when Richardson pleaded guilty to bank fraud and conspiracy. At the sentencing hearing, the district judge stated: "It would be the judgment of the court that Mr. Richardson is committed to the custody of the Attorney General for a period of 63 months." The judge then asked about custody, and the following colloquy ensued:
 
 
 4
 DEFENSE COUNSEL: Your Honor, the government and defense counsel has [sic] spoken about this. We both believe self-surrender is appropriate.
 
 
 5
 Mr. Richardson has been out on bail for a long period of time and is in the process of cooperating further with the government. Therefore, we're requesting a self-surrender date of approximately 45 days from today, to include a period of March 19, at which time he will surround [sic] into custody based upon the designation of the Bureau of Prisons.
 
 
 6
 THE COURT: All right. Is the government comfortable with recommending that?
 
 
 7
 THE PROSECUTOR: Yes.
 
 
 8
 * * *
 
 
 9
 * * *
 
 
 10
 THE COURT: Oh, I think that Mr. Richardson wants to change his reporting date to the 20th are the signals that he is getting from the back of the courtroom.
 
 
 11
 THE PROSECUTOR: March 21st.
 
 
 12
 THE COURT: 22nd, then. All right.
 
 
 13
 ....
 
 
 14
 Very well, Mr. Richardson, I'm not very comfortable with this. Your prior record here doesn't suggest somebody I ought to put a lot of faith on. I hope that's going to change.
 
 
 15
 THE DEFENDANT: I hope so, too.
 
 
 16
 THE COURT: Because I assure you, if you are back here, again, government recommendation or defense recommendation, you're going to be back--you're going to go back for a long time.
 
 
 17
 Do you understand that?
 
 
 18
 THE DEFENDANT: Yes, sir. I understand.
 
 
 19
 Following the sentencing hearing, Richardson prepared a monthly personal background sheet on which he wrote March 22, 1993, as his date of surrender. On March 22, 1993, Richardson failed to surrender for service of sentence. A month later, federal agents encountered Richardson leaving a night club. Richardson attempted to hide when he saw federal agents. After his arrest, he said that he was ready to serve his five years in prison.
 
 ANALYSIS
 
 20
 I. The district court did not err by denying Richardson's Rule 29 motion for judgment of acquittal.
 
 
 21
 We review de novo the denial of a Rule 29 motion for acquittal. United States v. Riggins, 40 F.3d 1055, 1057 (9th Cir.1994). "[T]he test to be applied is the same as for a challenge to the sufficiency of the evidence." Id. (citation omitted).
 
 
 22
 There seems to be little doubt that Richardson knew he was to report on March 22, 1993; his background statement and his comment after arrest are sufficient to show that fact. Richardson's contention, however, is that he was never actually given an order to report, and that evidence of an essential element is therefore missing from his trial. We reject that contention. Although the oral statements of the district court were not explicit with respect to the date and place of surrender, they were not so unclear as to constitute a failure to issue an order at all. Any reasonable defendant in Richardson's position would have understood himself to have been the subject of an order. An order to surrender is not invalid if it leaves the place of surrender for later determination. See United States v. Wells, 766 F.2d 12, 19-20 (1st Cir.1985). Because we find that the district court's order was sufficient to meet the requirement set forth in 18 U.S.C. § 3146(a)(2), we affirm the district court's denial of the Rule 29 motion for judgment of acquittal.
 
 
 23
 II. The district court did not err by excluding evidence of, and refusing to instruct the jury on the affirmative defense of, "uncontrollable circumstances," which Richardson claims led to his failure to surrender for service.
 
 
 24
 Richardson contends that he has an affirmative defense to his prosecution for his failure to surrender for service. Pursuant to 18 U.S.C. § 3146(c):
 
 
 25
 It is an affirmative defense to a prosecution under this section that uncontrollable circumstances prevented the person from appearing or surrendering, and that the person did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender, and that the person appeared or surrendered as soon as such circumstances ceased to exist.
 
 
 26
 Because Richardson had "snitched" on members of the "notorious and violent Bluitt drug gang in Oakland," he feared for his personal security in prison. Richardson contends that this circumstance was beyond his control because "security arrangement for sentenced prisoners was beyond [his] control."
 
 
 27
 Richardson's situation is not an "uncontrollable circumstance" within the meaning of the statute. Legislative history of section 3146(c) reveals that "the defense should apply where, for example, a person is recuperating from a heart attack and to leave his bed would imperil his life, or, after he had made careful plans for transportation to the court house, his vehicle breaks down or unexpected weather conditions bring traffic to a halt." S.Rep. No. 98-225, 98th Cong., 2d Sess. 4 (1984), reprinted in 1984 U.S.C.C.A.N. 3182, 3215. Interpreting 18 U.S.C. § 3146(c), this Court has stated:
 
 
 28
 This language, on its face, exudes a concern that something will actually prevent a person from surrendering. The very idea of "uncontrollable" is something that cannot be managed, something that is ungovernable. The very idea of "prevent" is something that forestalls, frustrates or deprives one of the power of acting. That does not describe a situation where a person sits down and decides that he simply will not do something, even though he can do it.
 
 
 29
 United States v. Springer, 51 F.3d 861, 866 (9th Cir.1995) (holding that a desire to make a political statement or engage in protest activity not directly related to the law under which defendant was convicted is not an uncontrollable circumstance and therefore is not an affirmative defense to prosecution for failure to surrender for service).
 
 
 30
 Because Richardson's situation did not constitute an uncontrollable circumstance, the district court did not err by excluding evidence of Richardson's fears about his personal security or by refusing to instruct the jury on that affirmative defense. See United States v. Morton, 999 F.2d 435, 437 (9th Cir.1993) ("A defendant is entitled to an instruction on his theory of the case [only] ... if there is evidence upon which the jury could rationally find for the defendant.").
 
 
 31
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3