106 F.3d 410
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Poong Youn CHO, Defendant-Appellant.
 No. 95-10190.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 4, 1996.
Decided Nov. 07, 1996.
 
 Before: WALLACE, SCHROEDER, and ALARCON, Circuit Judges.
 
 MEMORANDUM
 
 1
 Cho appeals from his conviction under 21 U.S.C. § 846 for conspiracy to distribute crystal methamphetamine. The district court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 for Cho's timely appeal arguing his constitutional challenge to 21 U.S.C. § 846. However, we lack jurisdiction to review Cho's challenge to the extent of the district court's downward departure from the sentencing guideline range. See United States v. Riggins, 40 F.3d 1055, 1058 (9th Cir.1994) ("[A] defendant may not challenge on appeal the extent of a downward departure from sentencing guidelines.").
 
 
 2
 Although his brief is unclear, Cho apparently argues that Congress's "market-oriented" approach to crystal methamphetamine produces an "irrational result," because Cho would have needed to conspire to distribute literally tons of marijuana to receive the same sentence as he did for conspiring to distribute an attache case of crystal methamphetamine. Because the Drug Equivalency Table does not involve suspect classifications or fundamental rights, the sentencing disparity between marijuana and crystal methamphetamine need only survive rational basis review. See Federal Communications Comm'n v. Beach Communications, 508 U.S. 307, 313 (1993); United States v. Harding, 971 F.2d 410, 412 (9th Cir.1992) (Harding ), cert. denied, 506 U.S. 1070 (1993). The elemental differences in form and substance between marijuana and crystal methamphetamine provide this rational basis. See Harding, 971 F.2d at 413-14 (holding rational basis for distinction between powder and crack cocaine).
 
 
 3
 AFFIRMED.