119 F.3d 7
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jesus CORRAL, Defendant-Appellant.
 No. 96-30245.
 United States Court of Appeals, Ninth Circuit.
 July 8, 1997.
July 16, 1997.
 
 Appeal from the United States District Court for the District of Oregon, No. CR 88-00146-HJF; Helen J. Frye, District Judge, Presiding.
 Before: GOODWIN, REINHARDT, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Jesus Corral appeals his conviction and sentence for possession with intent to distribute more than 100 grams of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). We affirm.
 
 I.
 
 3
 Corral appeals the denial of his motion to suppress evidence seized from his house on the ground that there was insufficient probable cause to support the issuance of the search warrant. "[W]e require only a reasonable nexus between the activities supporting probable cause and the locations to be searched." United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir.1993) (citation omitted). Evidence that a person is a drug dealer provides the requisite nexus for a search of his home. Id. The application for the search warrant contained sufficient information regarding Corral's drug activities.
 
 
 4
 Corral's argument that the officers exceeded the scope of the warrant when they searched the outbuildings also fails because the warrant authorized the search of "any building, appurtenance, on the curtilage."
 
 II
 
 5
 While Corral asserts that he was improperly denied a Franks hearing, he has not alleged that any material "false statements or omissions were deliberately or recklessly made," United States v. DiCesare, 765 F.2d 890, 894 (9th Cir.1985). Accordingly, we reject his argument.
 
 III
 
 6
 Corral complains of a Brady violation. However, he has not shown that the prosecution failed to disclose any information that might have been helpful to him or the disclosure of which might have affected the outcome.
 
 IV
 
 7
 We reject Corral's argument that the scales, other drugs, cash and guns found in his home were not probative evidence and should have been suppressed. See United States v. Savinovich, 845 F.2d 834, 837 (9th Cir.1988). We also reject his claim that the police expert should not have been allowed to testify that these items were indicative of a drug enterprise. See United States v. Espinoza, 827 F.2d 604, 612 (9th Cir.1987), cert. denied, 485 U.S. 968 (1988).
 
 V.
 
 8
 Because we view the evidence presented against a defendant in the light most favorable to the government, we hold that the district court did not err in denying Corral's motion for judgment of acquittal. United States v. Riggings, 40 F.3d 1055, 1057 (9th Cir.1984).
 
 VI.
 
 9
 Corral argues that three statements made by the prosecutor were improper. The first statement, "whether or not we've been truthful with you ... " was innocuous and did not constitute improper vouching. The second statement: "Mr. Corral is not the only one involved in this case. It's an important case to all of us," may constitute improper vouching. The government is not permitted to use the "pressing nature of the [drug] problem [in this country as a] license to encumber certain defendants," See United States v. Johnson 968 F.2d 768, 771 (8th Cir.1992). However, given the weight of the evidence against Corral, the error was harmless.
 
 
 10
 Finally, Corral argues, incorrectly, that the prosecutors statement: "[a]nd given all the evidence that was discovered there, very direct evidence, the dope the guns, the scales, the cash, the lack of any credible explanation for that other than this man is in the drug business," was an impermissible comment on his failure to testify. A prosecutor may comment on the absence of exculpatory evidence without implicating a defendant's Fifth Amendment. United States v. Mares, 940 F.2d 455, 461 (9th Cir.1991).
 
 VII
 
 11
 Corral claims that the district court erred in instructing the jury on aiding and abetting because no evidence supports that charge. Viewing the evidence in the light most favorable to the government, we conclude that this claim is without merit.
 
 VIII
 
 12
 Corral makes two claims with respect to sentencing. First, he alleges that the district court erred in enhancing his sentence for the possession of a firearm. Three weapons were found in his home. The enhancement made pursuant to United States Sentencing Guideline 2D1.1 "may be applied as long as the weapon was present unless it is clearly improbable that the weapon was connected with the offense." United States v. Kyllo, 37 F.3d 526, 531 (9th Cir.1994) (citation and internal quotations omitted). Here, it was not at all improbable.
 
 
 13
 Second, Corral claims that the district court should have exercised its discretion to depart downward in order to equalize his sentence with that of his brother's. The failure to order a downward departure is not reviewable on appeal. United States v. Morales, 898 F.2d 99, 102 (9th Cir.1990).
 
 CONCLUSION
 Corral's conviction and sentence are
 
 14
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3