122 F.3d 1074
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Gary W. DICKERSON, Defendant-Appellant.
 No. 96-10225.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 17, 1997.
Submission Vacated Jan. 22, 1997.
Resubmitted Sept. 5, 1997.
Decided Sept. 10, 1997.
 
 Appeal from the United States District Court for the Eastern District of California, D.C. No. CR 93-051580-OWW. Oliver W. Wanger, District Judge, Presiding
 Before: LAY** GOODWIN, and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gary Wayne Dickerson appeals his conviction, following a jury trial, for making a false statement in a report to obtain federal employees' compensation benefits in violation of 18 U.S.C. § 1920. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the conviction.
 
 I. MATERIALITY
 
 3
 Dickerson claims that the district court committed reversible error by failing to instruct the jury that materiality is an element of the offense in the version of 18 U.S.C. § 1920 under which he was charged.[1] Dickerson failed to object at trial to the court's omission of materiality from the jury instructions, however. We therefore review the omission only for plain error. See Fed.R.Crim.P. 52(b).
 
 
 4
 Before we may correct an error not raised at trial, we must find (1) that there was error, (2) that the error was "plain," and (3) that it affects Dickerson's "substantial rights." Johnson v. United States, 117 S.Ct. 1544, 1549 (1997) (internal quotations omitted). If these three conditions are met, we may exercise our "discretion to notice a forfeited error, but only if (4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." Id. (internal quotations omitted).
 
 
 5
 We need not decide whether the failure to instruct on materiality meets the first three prongs of this test because we conclude that Dickerson has not met his burden of demonstrating that any error seriously affected the fairness or integrity of his trial. See Johnson, 117 S.Ct. at 1550. Dickerson's false statement that he was not working was clearly material to whether he was entitled to government disability benefits.
 
 
 6
 To be material, a statement "must have a natural tendency to influence, or [be] capable of influencing, the decision of the decisionmaking body to which it was addressed." United States v. Gaudin, 515 U.S. 506, 115 S.Ct. 2310, 2313 (1995) (internal quotations omitted). That Dickerson collected income from selling and repairing appliances while he claimed he was not working is certainly a fact "capable of influencing" the Department of Labor's decision to grant him disability benefits. Dickerson thus fails to meet his burden of showing prejudice under Rule 52(b). See United States v. Olano, 507 U.S. 725, 741 (1993). As "[n]o miscarriage of justice will result here if we do not notice the [claimed] error," we decline to do so. Johnson, 117 S.Ct. at 1550 (internal quotations omitted).
 
 II. SUFFICIENCY OF THE EVIDENCE
 
 7
 Dickerson also contends that the evidence presented at trial was insufficient to convict him. In ruling on this claim, we view the evidence in the light most favorable to the government and must determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See United States v. Riffins, 40 F.3d 1055, 1057 (9th Cir.1994).
 
 
 8
 Because the evidence of Dickerson's guilt consisted primarily of his admissions to Agent Lewis, the evidence is sufficient to sustain the conviction only if the admissions are corroborated. See United States v. Lopez-Alvarez, 970 F.2d 583, 589 (9th Cir.1992). To adequately corroborate Dickerson's admissions, the government must have introduced both (1) evidence to establish that the offense occurred, and (2) evidence tending to establish the trustworthiness of the admission. See id. at 592. We conclude that the government met its burden here.
 
 
 9
 Evidence may be adequate to satisfy the first requirement even though it would be insufficient to establish guilt in the absence of the defendant's admission. See id. at 589-92. The same evidence may also help to satisfy the second requirement, because "[i]t tends to make the admission reliable, thus corroborating it." Opper v. United States, 348 U.S. 84, 93 (1954); see also Lopez-Alvarez, 970 F.2d at 590 n. 7.
 
 
 10
 Dickerson argues that none of the government's witnesses specifically testified that he was involved in repairing and selling appliances prior to October 21, 1992, the last date covered by the CA-1032 form at issue in his conviction. The testimony of Dickerson's neighbors, however, tends to support Dickerson's admission that he worked selling and repairing appliances. Harry Arnett and Julie Casillas testified that they saw Dickerson working in October 1992. Other witnesses testified that they observed Dickerson working in 1992.
 
 
 11
 While this testimony alone might be insufficient to support a conviction in the absence of an admission, it helps establish the trustworthiness of Dickerson's statements. "It is sufficient if the. corroboration supports the essential facts admitted sufficiently to justify a jury inference of their truth." Opper, 348 U.S. at 93.
 
 
 12
 Viewing the evidence in the light most favorable to the government, a rational juror could find that Dickerson's admissions, coupled with his neighbors' testimony, established that Dickerson was employed during the period covered by the October 21st form and therefore that he made a false statement in violation of § 1920. The corroborating evidence was thus sufficient to sustain Dickerson's conviction.
 
 III. FORM CA-1032
 
 13
 Dickerson's final claim of error is that the district court improperly instructed the jury that the Department of Labor's form CA-1032 is a "report or affidavit in a claim for compensation" as required by 18 U.S.C. § 1920. Dickerson claims that because Frank Faragasso, a government expert, testified at trial that Dickerson was receiving compensation under the rating for "temporary total disability," Dickerson was not required to file an affidavit or report under 5 U.S.C. § 8106, which covers only partial disabilities. This contention is without merit.
 
 
 14
 Dickerson does not contest that he stipulated that he was "permanently partially disabled" beginning in 1983, a classification covered by § 8106. Moreover, Faragasso testified that the rating "temporary total disability" covers both individuals who are totally disabled and those who are partially disabled, but whose wage-earning capacity has not yet been determined by the Department of Labor. This testimony hardly conflicts with the stipulation, as Dickerson claims.
 
 
 15
 Dickerson, who stipulated that he was permanently partially disabled, signed the CA-1032 form under penalty of perjury. 18 U.S.C. § 1920 criminalizes false statements in reports or affidavits required by 5 U.S.C. § 8106. Section 8106 covers partial disabilities. Therefore, the district court properly instructed the jury that the CA-1032 form Dickerson filed was a report or affidavit in a claim for compensation as required by § 1920.
 
 
 16
 AFFIRMED.
 
 
 
 **
 Honorable Donald P. Lay, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In 1994, Congress amended the statute to include an explicit materiality requirement