139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
PEOPLE of the Territory of Guam, Plaintiff-Appellee
v.
Eugene T. PALOMO, Defendant-Appellant
 No. 97-10211.
D.C. No. cr-96-00070-MUH.
 United States Court of Appeals, Ninth Circuit.
 Decided Feb. 23, 1998.
Argued and Submitted February 11, 1998.
 
 Appeal from the District Court of Guam Appellate Division Unpingco, Hug, and Munson, Judges, Presiding.
 Before SCHROEDER, FARRIS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Palomo challenges the appellate division's denial of his appeal from conviction on one count of first degree criminal sexual conduct and two counts of second degree criminal sexual conduct. He argues that his motions for (1) judgment of acquittal, (2) new trial, and (3) dismissal or suppression should have been granted.
 
 
 3
 The evidence of guilt, though disputed, was sufficient for any rational trier of fact to reasonably conclude that Palomo was guilty, as the verdict indicated. See United States v. Riggins, 40 F.3d 1055, 1057 (9th Cir.1994). While there were inconsistencies in the testimony of the government's witnesses and in the various statements of the victim, it cannot be said that this evidence was "incredible or unsubstantial on its face." United States v. Lopez, 803 F.2d 969, 973 (9th Cir.1986). There is no basis for Palomo's argument that evidence offered by the government in its case in chief established a reasonable doubt as a matter of law.
 
 
 4
 During a recess from jury deliberations, news of a rape and murder of a four year old child received heavy coverage in the local media. Palomo argues that this event prejudiced the jury and justifies a new trial. We have established a procedure for determining the prejudicial effect when a jury is exposed to extraneous information. United States v. Bagnariol, 665 F.2d 877, 884 (9th Cir.1981). When a jury is exposed to extraneous information, the trial court should hold an evidentiary hearing to determine whether a reasonable possibility existed that the information could have affected the verdict. Id. The court should assess "the probable effect of information on the jury, the materiality of the extraneous material, and its prejudicial nature." Id.
 
 
 5
 In response to Palomo's motion for a new trial, following a guilty verdict, the trial court called all jurors in for interviews. All but one indicated that they had heard about the rape and murder prior to resuming deliberations. Each also testified that the news was not discussed during deliberations. The jurors all testified that the only reference to outside information in the jury room came in the form of an admonition by the jury foreperson that they should not consider the weekend news when discussing Palomo. Although our procedure was not strictly followed, there is no basis on this record for assuming prejudice. Palomo points to none.
 
 
 6
 There is no merit in the other allegations of error.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3