UNITED STATES of America,
Plaintiff–Appellee,

v.

Jeffrey Haynes STRANGE,
Defendant–Appellant.

No. 00–50619.
D.C. No. CR–99–0703–R.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 8, 2001.

Decided Nov. 19, 2001.

Before PREGERSON, REINHARDT, and SILVERMAN, Circuit Judges.

### MEMORANDUM [1]

Following a six-week jury trial, Jeffrey Strange was convicted of one count of conspiracy to defraud the United States pursuant to 18 U.S.C. § 371, and of seventy-eight counts of submitting false claims to the United States in violation of 18 U.S.C. § 287. Strange appeals his conviction and sentence on several grounds. We have jurisdiction pursuant to 18 U.S.C. § 1291, and affirm.

Strange first contends that the evidence to support his conviction of conspiracy was insufficient because there was inadequate evidence of agreement between him and his alleged co-conspirators. When we review a conviction for sufficiency of the evidence, we must examine the evidence in the light most favorable to the government, and decide whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt. *See United States v. Riggins*, 40 F.3d 1055, 1057 (9th Cir.1994). Evidence showing agreement to participate in a conspiracy may be either direct or circumstantial, *see United States v. Lennick*, 18 F.3d 814, 817 (9th Cir.1994), but must show more than mere "knowledge, approval of, or acquiescence in the object or purpose of a conspiracy ." *Id.* (quoting *United States v. Melchor-Lopez*, 627 F.2d 886, 891 (9th Cir. 1980)). Here, some direct evidence and considerable circumstantial evidence presented at trial supported the conclusion that Strange and Nutcracker had agreed to perpetrate Medicare fraud. The defendant offered countervailing evidence, and attacked the credibility of the government's proof, but a rational jury could have credited the government's case and discounted the defendant's arguments. Thus, we conclude that the conviction was supported by sufficient evidence.

Strange next argues that the district court erred by denying his motion to sever his trial from that of his co-defendant. We review the denial of a severance motion for an abuse of discretion. *United States v. Sherlock*, 865 F.2d 1069, 1078 (9th Cir.1989). On occasion during the trial, Strange's co-defendant attempted to shift responsibility for the fraud to Strange, although both defendants also repeatedly blamed Nutcracker and denied knowledge

of any wrongdoing. To prevail on appeal Strange must show "clear and manifest prejudice" resulting from the joint trial. *United States v. Tootick,* 952 F.2d 1078, 1082 (9th Cir.1991). Whatever prejudice Strange may have suffered as a result of his joint trial, it does not meet the *Tootick* standard.[2]

A warrant was issued to permit a search of Stat Medical's offices. That search was conducted, and Strange moved to suppress the fruits of the search because the warrant was overbroad. *See Center Art Galleries–Hawaii v. United States,* 875 F.2d 747, 750–51 (9th Cir.1989). Although Strange appeals the denial of his suppression motion by the district judge, he does not identify any fruits from the search of Stat's premises that were offered into evidence at trial. Accordingly, this aspect of the appeal is moot. *See United States v. Arias–Villanueva,* 998 F.2d 1491, 1502 (9th Cir.1993) (holding that the appeal of the denial of a suppression motion is "moot because the government did not introduce any evidence seized during [the] search at trial.").

■■■■ Strange also appeals the admission of expert testimony regarding Medicare regulations and reimbursement procedures. The district court has "broad latitude" to assess the reliability of an expert's testimony, *Kumho Tire v. Carmichael,* 526 U.S. 137, 141, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999), and decisions to admit such testimony will be reviewed for an abuse of discretion. *See United States v. Alatorre,* 222 F.3d 1098, 1100 (9th Cir. 2000). The expert who testified at Strange's trial was amply qualified to testify as he did. The topic of his testimony was entirely appropriate for an expert.

The admission of the expert testimony was therefore not an abuse of discretion.

The district court admitted into evidence an out-of-court statement by Patricia Strange, the appellant's mother, pursuant to Fed.R.Evid. 801(d)(2)(E), which permits the admission of statements that would otherwise be hearsay if those statements are made by an unindicted co-conspirator. Strange appeals the finding that his mother was an unindicted co-conspirator, and thus argues that the evidence was improperly admitted. However, the testimony of several witnesses supported the district judge's finding that Ms. Strange was involved in the conspiracy, and we therefore affirm the admission of the statement.

■■■■ Finally, Strange appeals the district court's decision not to hear live testimony at the sentencing hearing. We review that decision for an abuse of discretion. *See United States v. Sarno,* 73 F.3d 1470, 1502 (9th Cir.1995). The district judge, who had heard all the trial testimony, received lengthy pre-sentence submissions from defense counsel and twice asked defense counsel if he sought to add evidence to the record or make any additional arguments, which defense counsel declined to do. We therefore conclude that the district judge did not abuse his discretion by failing to hear live testimony at sentencing. *See Sarno,* 73 F.3d at 1502–03.

For the foregoing reasons, the conviction and sentence are AFFIRMED.

---

**2.** Additionally, the district judge instructed the jury several times to consider the evidence against each defendant independently. In *Zafiro v. United States,* 506 U.S. 534, 541, 113 S.Ct. 933, 122 L.Ed.2d 317 (1993), the Supreme Court stated that such an instruction significantly alleviates prejudice arising from a joint trial.