**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Alice MEJIA, Defendant–Appellant.**

No. 01–10010.

D.C. No. CR–00–00046–RGS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 13, 2001.

Decided Jan. 14, 2002.

Before POLITZ,[1] FLETCHER, and FISHER, Circuit Judges.

1. Honorable Henry A. Politz, Senior United States Circuit Judge for the Fifth Circuit

## MEMORANDUM [2]

Alice Mejia appeals a jury conviction and sentence on two counts arising from a drug transfer with Salazar–Martinez, an imprisoned co-defendant. Mejia complains that the verdict was not supported by substantial evidence and that the prosecutor impermissibly commented on her right to remain silent.

## BACKGROUND

Mejia visited Salazar–Martinez while he was imprisoned at the FCI–Phoenix prison. During her visit, Mejia took four trips to the restroom, kissing Salazar–Martinez mouth-to-mouth immediately after each trip. The government contends that during her trips to the restroom Mejia transferred drug-filled balloons from a secreting place on her body to her mouth, and that upon her return she transferred the balloons to Salazar–Martinez, by kissing him mouth-to-mouth. Salazar–Martinez then swallowed the balloons. Noticing this excessive personal contact, prison officials terminated the visit and escorted Mejia from the prison.

Salazar–Martinez was then strip-searched and placed in dry-cell isolation. While in the dry-cell, he had a number of bowel movements, two of which contained drug-filled balloons. The first bowel movement, containing eight balloons, took place on his second day in dry-cell isolation. The second movement, containing six balloons, occurred the next day.

A few months after Mejia's visit to the prison an investigator visited her at her home. She invited the investigator in and

was cooperative. She was then charged with conspiring to possess contraband by an inmate in prison and aiding and abetting the possession of contraband by an inmate in prison. During the trial the prosecutor commented that the jury had not heard whether anything was said between Mejia and the investigator during the meeting at her house and that she had said nothing while being escorted out of the prison. Both of these instances occurred pre-arrest and before *Miranda* warnings were given.

## ANALYSIS

I.  *Substantial    Evidence    of    Mejia's    Wrongful Conduct:*

a.  *Standard of Review:*

Following her trial, Mejia moved for acquittal. We review a trial court's decision on a motion for acquittal *de novo*.[3] The test to be applied is the same as that used when the sufficiency of the evidence is challenged.[4] "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5]

b.  *Analysis:*

Mejia claims that while the government presented some evidence that her conduct while in the prison was wrongful, she presented sufficient evidence that her conduct was innocent so that a reasonable jury could not conclude beyond a reasonable

---

Court of Appeals, sitting by designation.

**2.** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**3.** *United States v. Riggins,* 40 F.3d 1055, 1057 (9th Cir.1994).

**4.** *Id.*

**5.** *Id.*

doubt that the wrongful explanation was the correct one. We are not persuaded.

■ When there are both innocent and wrongful explanations for a defendant's conduct, "the government must produce evidence that would allow a rational jury to conclude beyond a reasonable doubt that the latter explanation is the correct one." [6] In making its case, however, the government need not rule out every hypothesis except guilt.[7] Although Mejia presented some evidence supporting her innocent explanation of her conduct, the government presented substantial evidence from which the jury reasonably could have concluded that she was guilty beyond a reasonable doubt.

## II. Prosecutors' Comments Regarding Mejia's Silence:

### a. Standard of Review:

Generally, we review a trial court's rulings on objections to alleged prosecutorial misconduct for an abuse of discretion.[8] We will not reverse unless the defendant establishes that it is "more probable than not that the misconduct materially affected the verdict." [9] Where the prosecutor is alleged to have commented on the defendant's silence, however, we review the challenged rulings on objections de novo.[10]

### b. Analysis:

Mejia contends that the prosecutor impermissibly commented on her right to remain silent. Mejia invites our review of two instances. First, the prosecutor stated that there was no evidence presented that Mejia talked to the investigating officers. Second, he related that while being escorted from the prison Mejia said nothing.

■ The prosecutor may not comment on a defendant's silence at the time of arrest or after Miranda warnings are given.[11] Conversely, comments on the silence of a defendant before arrest and before Miranda warnings are given are permissible.[12] A prosecutor commits a violation when "the language used was manifestly intended or was of such a character that the jury would naturally and necessarily take it to be a comment on the failure to testify." [13] If admission of the prosecutor's statements was error, this court must determine whether the error was harmless beyond a reasonable doubt.[14] In doing so, we consider: (1) the extent of the improper comments made; (2) whether an inference of guilt from silence was stressed to the jury; and (3) the extent of other evidence suggesting the defendant's

---

6. *United States v. Vasquez–Chan,* 978 F.2d 546, 549 (9th Cir.1992).

7. *United States v. Mares,* 940 F.2d 455, 458 (9th Cir.1991).

8. *United States v. Sarkisian,* 197 F.3d 966, 988 (9th Cir.1999).

9. *Id.* (citations omitted).

10. *United States v. Mares,* 940 F.2d 455, 461 (9th Cir.1991); *but see United States v. Hoac,* 990 F.2d 1099, 1103–04 (9th Cir.1993), *cert. denied,* 510 U.S. 1120, 114 S.Ct. 1075, 127 L.Ed.2d 392 (1994) (relating that the standard of review for prosecutorial comment on a

defendant's silence is unclear, but finding that the prosecutor's comments were permissible under either *de novo* or abuse of discretion review).

11. *Doyle v. Ohio,* 426 U.S. 610, 619, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976).

12. *United States v. Whitehead,* 200 F.3d 634, 639 (9th Cir.2000), *cert. denied,* 531 U.S. 885, 121 S.Ct. 202, 148 L.Ed.2d 141 (2000).

13. *United States v. Mende,* 43 F.3d 1298, 1301 (9th Cir.1995) (citations omitted).

14. *United States v. Baker,* 999 F.2d 412, 416 (9th Cir.1993).

guilt.[15]

■ Both incidents referenced by the prosecutor occurred pre-arrest and before *Miranda* warnings were given. While Mejia complains that the jury could have inferred from the prosecutor's statements that she was under arrest at the time of the incidents, that conclusion is not the natural and necessary conclusion to be drawn from the prosecutor's comments. Additionally, any error in failing to exclude such evidence was harmless in light of the substantial other evidence of Mejia's guilt.

For these reasons, the judgment appealed from is in all aspects AFFIRMED.