**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Kenneth Holt KRAUSE, Defendant—
Appellant.**

**No. 01–50540.**

**D.C. No. CR–00–00094–NMM–1.**

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 5, 2003.*

Decided Dec. 22, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

**916**

Nancy B. Spiegel, Luis Li, AUSA, USLA–Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Tina Long Rippy, Whittier, CA, for Defendant–Appellant.

Before HALL, O'SCANNLAIN, and McKEOWN, Circuit Judges.

### MEMORANDUM[**]

Defendant–Appellant Kenneth Krause appeals his conviction for "enhanced" assault on a federal officer or employee in violation of 18 U.S.C. §§ 2(a), 111(b). Section 111(b) provides that "[w]hoever, in the commission of [assault against designated federal officials], uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both." Section 2(a) allows convictions for aiding and abetting in this crime. We have jurisdiction under 28 U.S.C. § 1291.

In a special verdict, the jury found that Krause's foot acted as a "deadly or dangerous weapon" for purposes of § 111(b). Krause's sole legal claim on appeal is to challenge his conviction by vigorously disputing this conclusion. The government defends the jury's determination with equal effort. Indeed, it is clear that the litigants have fully developed the record on this question ever since Krause moved to strike this same contention from his second superceding indictment.

Nevertheless, under the plain terms of § 111(b), conviction is proper if a defendant *either* "uses a deadly or dangerous weapon ... or inflicts bodily injury." *Id.* (emphasis added). And in another special verdict, the jury found that Krause "inflicted, or aided and abetted in the infliction of, bodily injury." Given this finding, the question of whether Krause's foot was a "deadly or dangerous weapon" pursuant to § 111(b) cannot affect his conviction. Accordingly, we will not address it.

We recognize that the district court enhanced Krause's sentence because it found that his foot was a "dangerous weapon" under U.S.S.G. § 2A2.2(b)(2)(B). But while obviously related to some extent, this is a separate and distinct claim as a legal matter. For example, Congress failed to define "deadly or dangerous weapon" for purposes of § 111(b), but *did* define "dangerous weapon" for purposes of § 2A2.2(b)(2)(B). *See* U.S.S.G. § 1B1.1 Commentary. Moreover, the specific wording differs, *compare* § 111(b) ("deadly or dangerous weapon"), *with* § 2A2.2(b)(2)(B) ("dangerous weapon"), and the standard of review differs, *compare United States v. Moore*, 846 F.2d 1163, 1166 (8th Cir.1988) (deeming the definition of "deadly or dangerous weapon" under § 111(b) as a "question of fact for the jury" under the standards applicable to

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

917

sufficiency of the evidence claims),[1] *with United States v. Lavender,* 224 F.3d 939, 941 (9th Cir.2000) ("The district court's conclusion that a particular item falls within the Sentencing Guidelines' definition of 'dangerous weapon' is an issue of law that is reviewed de novo."). Even the evidentiary standard differs, as sentence enhancements do not require proof beyond a reasonable doubt.

Neither the government nor Krause address any aspect of his sentence in their briefs before this court, so we will not consider the issue. *See, e.g., Med. Lab. Mgmt. Consultants v. Am. Broad. Cos.,* 306 F.3d 806, 820 n. 8 (9th Cir.2002) ("[C]laims not specifically and distinctly argued in an appellant's opening brief are waived on appeal." (characterizing *Laboa v. Calderon,* 224 F.3d 972, 981 n. 6 (9th Cir.2000))). None of the exceptions to this general principle apply. *See United States v. Ullah,* 976 F.2d 509, 514 (9th Cir.1992). First, there has been no cause shown for failure to address the issue, and neither will that failure result in manifest injustice because Krause's sentence does not exceed the statutory maximum for the crime of which he was convicted. Second, as discussed above, consideration of this legal question fails to appear either in Krause's *or* the government's brief. Finally, given that there is no infirmity in Krause's conviction, any reduction in his sentence without a corresponding opportunity to discuss the applicable provisions of the Sentencing Guidelines would prejudice the government.

AFFIRMED.

---

1. While the Ninth Circuit has not specifically ruled on this question for purposes of § 111(b), an analogous phrase in former 18 U.S.C. § 113(c) has been deemed a jury question. *See United States v. Riggins,* 40 F.3d 1055, 1057 (9th Cir.1994) (citing *United States v. Moore,* 846 F.2d 1163, 1166 (8th Cir.1988)).