UNITED STATES of America, Plaintiff–Appellee,

v.

Carlos DOMINGUEZ–MAROYOQUI, Defendant–Appellant.

No. 04–50375.

D.C. No. CR–03–03534–BTM.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Nov. 21, 2005.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

Tashima, Circuit Judge, concurred and filed opinion.

U.S. Attorney, Kevin M. Mulcahy, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff—Appellee.

Before KLEINFELD, TASHIMA and FISHER, Circuit Judges.

## MEMORANDUM *

Dominguez–Maroyoqui appeals the district court's imposition of a 16–level crime of violence enhancement for his prior 18 U.S.C. § 111 assault conviction. Because the parties are familiar with the facts, we do not recite them in detail. We affirm.

In 1996, Dominguez–Maroyoqui was convicted of assaulting a federal officer in violation of 18 U.S.C. § 111. In 2003, he was convicted of violating 8 U.S.C. § 1326. At the sentencing hearing, the district court determined that Dominguez–Maroyoqui's earlier § 111 assault conviction could serve as the basis for a 16–level crime of violence sentencing enhancement under U.S.S.G. § 2L1.2.

Dominguez–Maroyoqui claims that his earlier assault conviction was not aggravated enough to merit a 16–level enhancement. The district court correctly found that Dominguez–Maroyoqui's conviction for felony forcible assault on a federal officer fell within the Guidelines' definition of crime of violence.[1] As long as the prior conviction was for a felony assault, the Guidelines do not require any particular level of aggravation or degree of assault to merit a crime of violence enhancement. See U.S. v. Pimentel–Flores, 339 F.3d 959, 966 (9th Cir.2003).

Dominguez–Maroyoqui also argues that the district court's downward departure was insufficient. Here, the district court understood its authority to depart downward and did so. Dominguez–Maroyoqui may not "challenge on appeal the extent of [his] downward departure." U.S. v. Riggins, 40 F.3d 1055, 1058 (9th Cir. 1994). Dominguez–Maroyoqui has not sought a limited remand under U.S. v. Ameline, 409 F.3d 1073, 1084 (9th Cir. 2005) (en banc).

Accordingly, Dominguez–Maroyoqui's sentence is AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Dominguez–Maroyoqui does not raise, and we need not decide, whether 18 U.S.C. § 111 is a categorical crime of violence. See Taylor v. U.S., 495 U.S. 575, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990).

TASHIMA, Circuit Judge, concurring:

I concur in the disposition with the understanding that appellant has not asked for and we are not reviewing the sentence, including the extent of the downward departure, for "unreasonableness." *See United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 767, 160 L.Ed.2d 621 (2005) ("The courts of appeals review sentencing decisions for unreasonableness.").