**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sergio HERNANDEZ–MIRANDA,
Defendant—Appellant.**

**No. 05–50953.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 14, 2006.

Filed Oct. 20, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

U.S. Attorney, USSD—Office of the U.S. Attorney, San Diego, CA, for Plaintiff–Appellee.

Stephen D. Demik, Esq., FDSD—Federal Defenders of San Diego, Inc., San Diego, CA, for Defendant–Appellant.

Before: HALL, McKEOWN, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Sergio Hernandez–Miranda appeals the district court's denial of his motion for a Rule 29 judgment of acquittal to set aside his conviction for (1) bringing an illegal alien to the United States for financial gain in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) ("Count 1"), and (2) bringing an alien to the United States without presentation in violation of 8 U.S.C. § 1324(a)(2)(B)(iii) ("Count 2"). Hernandez–Miranda contends the district court erred in denying his Rule 29 motion because the government failed to provide sufficient proof of financial gain, and also because the prosecution engaged in misconduct during the trial.

We review de novo the district court's denial of a Rule 29 motion for acquittal. *United States v. Norris,* 428 F.3d 907, 914 (9th Cir.2005). When reviewing the denial of a Rule 29 motion, "[T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Bahena–Cardenas,* 70 F.3d 1071, 1072–73 (9th Cir.1995) (quoting *United*

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*States v. Riggins,* 40 F.3d 1055, 1057 (9th Cir.1994)) (emphasis in original).

■ Financial gain is a core element of the Count 1 offense, and the government has the burden of producing independent evidence to corroborate Hernandez–Miranda's confession with respect to this core element. *See Opper v. United States,* 348 U.S. 84, 90–91, 75 S.Ct. 158, 99 L.Ed. 101 (1954). In *United States v. Lopez–Alvarez,* 970 F.2d 583, 589–92 (9th Cir.1992), we established a two-part test for determining whether a confession has been sufficiently corroborated. To meet this test, the government must introduce sufficient evidence to show that the criminal conduct at the core of the alleged offense has occurred, and it must also introduce independent evidence to establish the trustworthiness of the defendant's admission.

In this case, the government failed to satisfy both prongs of the *Lopez–Alvarez* test. None of the evidence presented by the government constitutes sufficient corroborating evidence establishing the financial gain element of § 1324(a)(2)(B)(ii). The government presented evidence at the trial that the vehicle was not registered in the defendant's name, the defendant was unemployed at the time of his arrest, and other people were involved in the scheme. In addition, the government argues that the mere existence of a secret compartment that is expensive and sophisticated demonstrates that Hernandez–Miranda was engaged in a commercial venture.

However, there was no testimony about payment from any of the material witnesses, no evidence that the alien or family members of the alien had agreed to pay or expected to pay for being brought into the United States, and no evidence that the mere presence of a compartment supported the financial gain element. In addition, the government also failed to present independent evidence to establish the trustworthiness of the defendant's admis-

sion. Accordingly, after reviewing the evidence in the light most favorable to the prosecution, we hold that no rational trier of fact could have found beyond a reasonable doubt the essential element of financial gain. Therefore, we reverse the conviction on Count 1.

We reject Hernandez–Miranda's claim that the alleged prosecutorial misconduct warranted a grant of his Rule 29 motion. We review for abuse of discretion the district court's rulings on objections to alleged prosecutorial misconduct. *United States v. Sarkisian,* 197 F.3d 966, 988 (9th Cir.1999). To obtain relief, the defendant must show that it is "more probable than not that the misconduct materially affected the verdict." *United States v. Christophe,* 833 F.2d 1296, 1301 (9th Cir.1987).

■ Although the prosecutor's reference to the "coffin-like" compartment and statements such as, "We know it's a business," may have been improper, viewing the alleged misconduct in the context of the entire trial, Hernandez–Miranda failed to show that it is more probable than not that these statements—taken individually or cumulatively—materially affected the verdict. The district court did not abuse its discretion in denying the Rule 29 motion based on claims of prosecutorial misconduct. We affirm the conviction on Count 2.

**AFFIRMED IN PART AND REVERSED IN PART.**