**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Appellee,<br><br>v.<br><br>JOAQUIN VILLASENOR-CHAVEZ,<br><br>Defendant-Appellant. | No. 12-10437<br><br>D.C. No. 4:11-cr-02569-CKJ-HCE-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted February 11, 2014
San Francisco, California

Before: CALLAHAN and M. SMITH, Circuit Judges, and HELLERSTEIN, Senior
District Judge.**

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**        The Honorable Alvin K. Hellerstein, Senior District Judge for the U.S.
District Court for the Southern District of New York, sitting by designation.

1

Joaquin Villasenor-Chavez appeals from his conviction and 120-month sentence, following a jury trial, for conspiracy to bring in and transport illegal aliens for profit, bringing in an illegal alien for profit, and transporting an illegal alien for profit resulting in death, in violation of 8 U.S.C. § 1324(a). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

I

In June 2011, a group of aliens, including Villasenor-Chavez, was detained by the Border Patrol. Nine of the aliens identified Villasenor-Chavez as the guide who had led the group into the United States. In the district court Villasenor-Chavez moved to suppress their testimony, and he now appeals from the district court's denial of that motion to suppress. The district court did not abuse its discretion in denying the motion as untimely since it was filed eleven days after the motion deadline, and only seventeen days before trial. *See* Fed. R. Crim. P. 12(e) (providing that a party "waive[s]" any motion that must be raised before trial but is "not raised by the deadline the court sets under Rule 12(c)"); *United States v. Torres*, 908 F.2d 1417, 1424 (9th Cir. 1990) (affirming the denial of a motion to suppress as untimely). Villasenor-Chavez has not shown good cause for his delay. *See* Fed. R. Crim. P. 12(e).

In any event, Villasenor-Chavez cannot show that the aliens' identifications should have been suppressed. An identification should be suppressed only where the pre-trial identification procedures used were "suggestive and unnecessary" and there is "a very substantial likelihood of irreparable misidentification." *Perry v. New Hampshire*, 132 S. Ct. 716, 724 (2012) (quotation omitted). Even if we assume, *arguendo*, that the methods used by the Border Patrol improperly suggested that Villasenor-Chavez was the guide, Villasenor-Chavez's argument that the identifications should be suppressed fails because he has not shown a likelihood of irreparable misidentification. *See id.* The aliens had been with the guide who led their group in the desert for two days and in a variety of circumstances. They identified Villasenor-Chavez as their guide soon after their desert trek, following their arrest. Accordingly, the Border Patrol's challenged procedures would not have altered the aliens' ability to recall reliably who was the guide, and there was no danger of misidentification. *See Manson v. Brathwaite*, 432 U.S. 98, 114–16 (1977).

## II

Villasenor-Chavez also appeals from the district court's denial of his motion for acquittal. We review the denial of a motion for acquittal *de novo* by evaluating "whether, after viewing the evidence in the light most favorable to the prosecution,

*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Riggins*, 40 F.3d 1055, 1057 (9th Cir. 1994) (internal quotation omitted). Contrary to Villasenor-Chavez's argument, the record supports the jury's finding that he was the guide, since the aliens' testimony identifying him as the guide was properly admitted into evidence.

Additionally, the record supports the jury's finding that Villasenor-Chavez had acted "for the purpose of commercial advantage or private financial gain," in violation of 8 U.S.C. § 1324(a)(1)(B)(i). Any rational trier of fact could have inferred that Villasenor-Chavez acted for profit based on the aliens' testimony that he was the guide, their testimony that they had paid to be smuggled into the United States or that payment was due upon arrival at the final destination, the government agent's testimony that guides are usually paid upon arrival at the final destination, and Villasenor-Chavez's testimony that guides expect to be paid. *See United States v. Yoshida*, 303 F.3d 1145, 1152 (9th Cir. 2002) (concluding that "[i]t was reasonable for the jury to infer that [defendant] expected some payment for her role in leading the aliens [to the United States]"). That inference was further supported by the absence of any non-pecuniary motive for Villasenor-Chavez to have led the group. *See id.* Accordingly, the district court did not err in denying Villasenor-Chavez's motion for acquittal.

4

III

Villasenor-Chavez also appeals from the district court's application of a two-level sentencing enhancement, pursuant to U.S.S.G. § 3C1.1, for obstruction of justice, based on the district court's finding that Villasenor-Chavez committed perjury by testifying that he was not the guide. He argues that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the district court was required to submit the question of whether he had committed perjury to a jury. However, *Apprendi* and its progeny have no application here because the obstruction of justice sentencing enhancement did not increase the maximum penalty or the mandatory minimum penalty that Villasenor-Chavez faced. *Cf. Apprendi*, 530 U.S. at 490 ("[A]ny fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury . . . ."); *Alleyne v. United States*, 133 S. Ct. 2151, 2155 (2013) ("[A]ny fact that increases the mandatory minimum is an 'element' that must be submitted to the jury.").

Villasenor-Chavez also argues that the record does not support the district court's perjury finding. A witness commits perjury when he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of a confusion, mistake or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). Since multiple witnesses testified that

5

Villasenor-Chavez was the guide, he could not have been mistaken regarding whether he was the guide, and the question of whether he was the guide was the central issue in this case, there is ample support for the district court's perjury finding. *See id.* at 94–96.

Finally, Villasenor-Chavez's argument that enhancing his sentence based on perjury violated his constitutional right to testify in his own defense is meritless. The Supreme Court has rejected that argument, holding that "a defendant's right to testify does not include a right to commit perjury." *Id.* at 96. Accordingly, the district court did not err in applying the sentencing enhancement.

**AFFIRMED.**