UNITED STATES of America, Plaintiff–Appellee,

v.

**Jair Dejesus ALVAREZ–RAMIREZ, aka Pisa; Luis Huertas, Defendant–Appellant.**

**No. 00–30210.**

**D.C. No. CR–99–00175–RSL.**

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002 *.

Decided March 18, 2002.

Before FARRIS, W. FLETCHER and FISHER, Circuit Judges.

MEMORANDUM **

Jair DeJesus Alvarez–Ramirez appeals his guilty-plea conviction and 84–month sentence imposed for possession of cocaine with the intent to distribute it, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B). Alvarez–Ramirez's attorney has filed a brief and a motion to withdraw as counsel of record pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Alvarez–Ramirez has filed pro se supplemental briefs.

Alvarez–Ramirez's counsel identifies three potential issues for appeal, the first being whether Alvarez–Ramirez's guilty plea was intelligent and voluntary. The

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Alvarez–Ramirez's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

record shows that the magistrate judge complied with Federal Rule of Criminal Procedure 11 in taking the plea, and that Alvarez–Ramirez understood the nature of the guilty plea proceedings and pled guilty knowing the consequences of his decision and not as a result of improper coercion, promises or threats. His guilty plea was therefore intelligent and voluntary. *See United States v. Hernandez,* 203 F.3d 614, 618–19 (9th Cir.2000).

Counsel next identifies the potential issue of whether the district court abused its discretion by only departing downward two levels for "sentencing entrapment." However, Alvarez–Ramirez cannot challenge on appeal the extent of the district court's departure. *See United States v. Riggins,* 40 F.3d 1055, 1058 (9th Cir.1994).

Counsel finally identifies the potential issue of whether Alvarez–Ramirez's sentence is constitutional in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Counsel correctly concludes, however, that no reversible *Apprendi* error occurred in this case. *See United States v. Johansson,* 249 F.3d 848, 861–62 (9th Cir.2001) (concluding that *Apprendi* does not apply where guideline sentencing increase in offense level "did not increase the maximum penalty for the crime to which [defendant] pled guilty").

We have considered the issues raised in Alvarez–Ramirez's pro se briefs and find them to be meritless. To the extent Alvarez–Ramirez attempts to raise a claim of ineffective assistance of trial counsel, we decline to consider such a claim in this direct appeal. *See United States v. Laughlin,* 933 F.2d 786, 788 (9th Cir.1991) ("As a general rule, we will not review

* This panel unanimously finds this case suitable for decision without oral argument.

challenges to the effectiveness of defense counsel on direct appeal.").

Our independent review of the record under *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no other issues requiring further review. Accordingly, counsel's motion to withdraw is GRANTED and the district court's judgment is AFFIRMED.