**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Christopher Demetrius FRANK,**
**Defendant–Appellant.**

No. 04–50140.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 8, 2008.*

Filed Sept. 9, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

April Anita Christine, Esquire, Michael J. Raphael, Esquire, Assistant, Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Myra Mossman, Esquire, Santa Barbara, CA, for Defendant–Appellant.

Before: MINER,** WARDLAW, and BERZON, Circuit Judges.

MEMORANDUM ***

Christopher Demetrius Frank ("Frank") appeals from a judgment of conviction and sentence entered in the United States District Court for the Central District of Cali-

---

** The Honorable Roger J. Miner, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

fornia, following a two-day bench trial, convicting him of attempted car-jacking, in violation of 18 U.S.C. § 2119, and carrying, possessing, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c). The district court sentenced Frank to a term of imprisonment of 235 months for both convictions. Frank is currently in custody.

On appeal, Frank argues that (1) the district court erred in denying his Rule 29 motion seeking acquittal on the basis of insufficient evidence of intent to cause death or serious bodily injury during the attempted car-jacking; (2) his term of imprisonment is unreasonable because the district court relied on an incorrect psychological report regarding Frank's mental condition; and that (3) he received ineffective assistance of counsel because (a) his trial counsel failed to present a mental illness defense, and (b) his sentencing counsel failed to present mitigating evidence of Frank's mental condition. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). The underlying facts are known to the parties and need not be repeated here.

1.    We review a district court's denial of a Rule 29 Motion for acquittal based on insufficiency of the evidence for an abuse of discretion and examine whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Riggins*, 40 F.3d 1055, 1057 (9th Cir.1994) (emphasis and internal quotation marks omitted); *see also United States v. Doe*, 136 F.3d 631, 636 (9th Cir.1998) ("The same test [for sufficiency of the evidence] applies to both jury and bench trials.").

■    Frank claims that there was insufficient evidence to establish the first element of attempted car-jacking, an "intent to cause death or serious bodily harm." 18 U.S.C. § 2119. We reject his claim. The district judge's finding that Frank possessed the intent to cause death or serious bodily harm was supported by the following facts revealed at trial: (1) Frank jumped into the bed of the victim's pickup truck; (2) the victim repeatedly told Frank to get out of the truck, but Frank refused to do so; (3) Frank attempted to put his hand through the driver's window; (4) Frank pulled out a loaded, operable handgun and tapped the barrel against the glass window of the truck's cab behind the driver's head, and then pointed the gun at the driver and twice exclaimed to the driver, "Keep going"; and (5) at the time of his apprehension, Frank was found in the driver's seat of the truck, immediately after the truck had been abandoned by the victim, with the gun on the passenger's seat containing five rounds of live ammunition.

■    We conclude that the government established beyond a reasonable doubt that "at the moment [Frank] demanded . . . the driver's [truck], [he] possessed the intent to seriously harm or kill the driver if necessary to steal the [truck]." *Holloway v. United States*, 526 U.S. 1, 12, 119 S.Ct. 966, 143 L.Ed.2d 1 (1999); *see also United States v. Hernandez*, 952 F.2d 1110, 1114 (9th Cir.1991). An attempted car-jacking "victim need not suffer actual serious bodily injury in order to establish the specific intent requirement of § 2119." *United States v. Glover*, 265 F.3d 337, 342 (6th Cir.2001). Although Frank did not inflict serious bodily harm on the victim, the fact that he was able "to achieve the goal of obtaining the [truck] without resorting to the infliction of death or serious bodily harm obviously does not negate the intent to cause such harm in order to obtain the [truck]." *United States v. Anderson*, 108 F.3d 478, 484 (3d Cir.1997).

2. Where an appellant challenges the sentence imposed by the district court, we employ a two-step inquiry. *United States v. Warr,* 530 F.3d 1152, 1158 (9th Cir. 2008). First, we consider "whether the district court properly calculated the applicable range under the advisory guidelines." *United States v. Barsumyan,* 517 F.3d 1154, 1157 (9th Cir.2008) (citing *United States v. Mohamed,* 459 F.3d 979, 985 (9th Cir.2006)); *United States v. Carty,* 520 F.3d 984, 991 (9th Cir.2008). Second, we consider "challenges to the reasonableness of the overall sentence in light of all the 18 U.S.C. § 3553(a) factors, including the applicable Guidelines range." *Barsumyan,* 517 F.3d at 1157 (citing *United States v. Cantrell,* 433 F.3d 1269, 1280 (9th Cir.2006)); *Carty,* 520 F.3d at 991. Our "review of the district court's sentence is for reasonableness, which merely asks whether the trial court abused its discretion." *Warr,* 530 F.3d at 1158 (internal quotation marks omitted). We review *de novo* the district court's calculation of the advisory sentencing guidelines range. *Cantrell,* 433 F.3d at 1279. The district court's factual findings are reviewed for clear error, and its application of the Guidelines to the facts is reviewed for abuse of discretion. *Mohamed,* 459 F.3d at 985; *Cantrell,* 433 F.3d at 1279.

■ We detect no error in the sentence imposed by the district court. The district court considered: (1) the crimes of violence for which Frank was convicted; (2) Frank's criminal history, including his prior crimes of violence; (3) mitigating factors presented by Frank, including physical disabilities, a difficult childhood, gang affiliation, his low IQ, and his claim of mental impairment; (4) Frank's request for downward departure on the grounds of imperfect duress and coercion based upon his alleged mental illness; (5) the Bureau of Prisons's Psychological Update dated August 23, 2004, finding no suggestion of mental illness in Frank's history, and no evidence of mental illness at the time of his admission to the Mental Health Treatment Unit or during his three-month period of observation there; and (6) the advisory nature of the Sentencing Guidelines. Frank has failed to point to anything in the record that demonstrates that the district court did not appreciate its authority to downwardly depart. Even if the district court did not discuss all of the factors set forth in section 3553(a), we have held that a district court "need not rehearse on the record all of the considerations that 18 U.S.C. § 3553(a) lists," *United States v. Mix,* 457 F.3d 906, 912 (9th Cir.2006), and "is not required to refer to each factor listed in § 3553(a)," *id.,* and we see no reason to disturb the sentence imposed by the district court.

3. Frank also claims that his trial counsel was constitutionally ineffective due to counsel's failure to: (1) investigate his mental state when Frank claimed that he was impaired, citing *Douglas v. Woodford,* 316 F.3d 1079, 1089–90 (9th Cir.2003); (2) call a psychiatrist or psychologist as a witness during trial to substantiate Frank's asserted mental illness; and (3) fully "investigate, develop, and present mitigation evidence during the penalty phase proceedings," citing *Wiggins v. Smith,* 539 U.S. 510, 521–23, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003), in that his attorney allegedly never investigated the Bureau of Prisons psychological report, did not speak with Frank's doctors, and developed the mental health defense solely on the information developed for Frank's presentencing competency examination, which was prepared for a different purpose.

Frank's ineffectiveness claim is not suitable for consideration on direct appeal because the record is not sufficiently developed to allow this Court to address the

merits of the claim. Accordingly, this claim would be more effectively addressed in collateral proceedings under 28 U.S.C. § 2255. *See United States v. Benlian,* 63 F.3d 824, 826 n. 3 (9th Cir.1995).

AFFIRMED.